IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBA HUANTE,<br><br>   Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, acting Commissioner of Social Security,<br><br>   Defendant. | CASE NO. 1:18-cv-1679-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)<br><br>(Doc. 22) |

Jonathan O. Peña, counsel for Plaintiff Elba Huante, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff Elba Huante and Defendant were served a copy of the motion (Doc. 22) with instruction to respond, if at all, by July 12, 2021. Neither filed an opposition to the motion. For the reasons that follow the motion will be granted.

**I.     Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees in "an amount equal to twenty-five (25%) of the past due benefits that are awarded to my family and me in the event my case is won." Doc. 22-2 at 1. The agreement also provide that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. *Id.*

On December 10, 2018 Plaintiff filed a complaint for review of the administrative decision denying her application for benefits. Doc. 1. Plaintiff submitted an opening brief advocating for remand after which the parties stipulated to remand the matter to the agency for further proceedings. Docs. 15, 19. Counsel sought and was awarded EAJA fees of $7,000. Doc. 21. On remand the agency determined that Plaintiff became disabled in 2013 and was entitled to past due benefits through 2021 in an amount of $122,083.00. Doc. 22-1 at 3–4. On June 29, 2021 counsel filed this motion for a 25% contingency fee payment of $30,520.75.

## II. Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

## III. Analysis

Here, Plaintiff was represented by experienced counsel and achieved a favorable result. There is no indication counsel engaged in dilatory conduct, excessive delay or substandard performance. Counsel seeks $30,520.75 based on 39.05 hours of work resulting in an effective hourly rate of $781.58. Unlike fee motions governed by the lodestar method, in contingency fee matters pursuant to section 406(b) a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

The $781.58 effective hourly rate sought here is consistent with the rates approved by other courts under section 406(b). *See, e.g.*, *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (effective hourly rate of $1,553.36); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) ($1,546.39 per hour).

The $30,520.75 total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); Boyle v. Colvin, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); Jamieson v. Astrue, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 22) is granted.
2. The Commissioner shall certify a payment of a gross award in the amount of $30,520.75 to Jonathan O. Peña.
3. Jonathan O. Peña shall refund to Plaintiff EAJA fees previously awarded in the amount of $7,000.00.

IT IS SO ORDERED.

Dated: __July 30, 2021__                /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE

3